UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------------x

Helder Rodrigues

                                          Plaintiff,

                             -v.-

The John Michaels Collection Agency

                                          Defendant.
-------------------------------------------------------------------------x

Civil Action No: 1:14-cv-13775

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**


Plaintiff Helder Rodrigues ("Plaintiff" or "Rodrigues") by and through his attorneys, Revaz Chachanashvili Law Group, P.C., as and for its Complaint against Defendant The John Michaels Collection Agency ("Defendant" or "JMCA"), respectfully sets forth, complains and alleges, upon information and belief, the following:


## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").


## PARTIES

2.     Plaintiff is a resident of the State of Massachusetts, residing at 37 Meadow Drive, Raynham, Ma 02767.

3.      Defendant is a debt collector with an address at 1643 Warwick Avenue - PMB #179, Warwick, RI, 02889-1525.

4.      The John Michaels Collection Agency is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

**JURISDICTION AND VENUE**

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

7.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.      On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.      This debt was  incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### *Collection Calls*

10.     During the course of the past year, Plaintiff received multiple collection call from Defendant on his cell phone.

11.     Plaintiff immediately requested for an explanation of the charges in writing.

12.     Multiple times Plaintiff asked for validation and proof of the debt yet Defendant refused to cease collection efforts.

13.     Over the course of the collection efforts Defendant, harassed Plaintiff with phone calls and messages, specifically leaving messages threatening civil and criminal charges. These messages became ruder over time calling him names and threatening to have him deported if he doesn't pay.

14.     These calls from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Respondeat Superior Liability*

15.     The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

16.     The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

17.     By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

18.     Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### *Summary*

19.     The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

20.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

22.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692g.

23.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been

damaged and is entitled to damages in accordance with the FDCPA.


**SECOND CAUSE OF ACTION**
**(Invasion of Privacy By Intrusion Upon Seclusion)**

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in all of the

paragraphs of this Complaint with the same force and effect as if the same were set forth at

length herein.

25.     Defendant intentionally interfered, physically or otherwise, with the solitude,

seclusion and or private concerns or affairs of the Plaintiff.

26.     Defendant intentionally caused harm to Plaintiff's emotional well-being by

engaging in highly offensive conduct in the course of collecting a debt.

27.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion,

and or private concerns or affairs.

28.     The intrusion by Defendant occurred in a way that would be highly offensive to a

reasonable person in that position.

29.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in

an amount to be determined at trial from each and every Defendant.


**DEMAND FOR TRIAL BY JURY**

30.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims

and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**,  Plaintiff  Helder Rodrigues demands judgment from the Defendant The John

Michaels Collection Agency, as follows:

    a)      For actual damages provided and pursuant to  15 U.S.C. § 1692k(a)1);

    b)      For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A):

    c)      For attorneys fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

    d)      A declaration that the Defendants practices violated the FDCPA; and,

    f)      For any such other and further relief, as well as further costs, expenses and

          disbursements of this action as this Court may deem just and proper.

Dated: October 3, 2014

                      Respectfully submitted,

                      By:    /s/ Daniel Goldsmith Ruggiero- B.B.O. # 666131
                            Daniel Goldsmith Ruggiero, Esq., Of Counsel
                            RC Law Group PLLC
                            P.O. Box 291
                            Canton, MA 02021
                            druggieroesq@gmail.com
                            Phone: 339-237-0343
                            Fax: 339-707-2808

                            **(All correspondence to NJ Office)**
                            RC Law Group PLLC
                            285 Passaic Street
                            Hackensack, NJ 07601
                            Phone: 201.282.6500 ext. 101
                            Fax: 201.282.6501
                            *Attorney for Plaintiff*